UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STACY NAGAN, individually and on
behalf of all others similarly situated,

        Plaintiff,

     v.                                   Case No. 19-C-170

OPTIO SOLUTIONS LLC,
d/b/a Qualia Collection Services,

        Defendant.

## DECISION AND ORDER GRANTING PLAINTIFF'S
## MOTION FOR CLASS CERTIFICATION

Plaintiff Stacy Nagan filed this action alleging Defendant Optio Solutions LLC violated the

Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, by sending Plaintiff a debt

collection letter that was deceptive and misleading to an unsophisticated consumer. Presently

before the court is Nagan's motion for class certification. Nagan proposes to represent a class

consisting of "[a]ll persons with a Wisconsin address to whom Optio Solutions, LLC mailed an

initial written communication, in the form of Exhibit A to the Complaint, between February 1, 2018

and February 22, 2019, which was not returned as undeliverable." Pl.'s Br. at 3, Dkt. No. 16. For

the following reasons, Nagan's motion will be granted.

## BACKGROUND

Nagan's allegations stem from a letter she received from Optio dated February 5, 2018.

Nagan claims the letter is a "template form letter" used to collect defaulted credit card debt from

Wisconsin residents. The letter stated that the balance due was $663.28 and itemized the "balance due" as follows:

| | |
|---|---|
| Principal: | $357.77 |
| Fees: | $235.00 |
| Interest: | $70.51 |
| Balance Due: | $663.28 |
| Settlement Amount: | $331.64 |

Dkt. No. 1-1. The body of the letter states, "We want to settle this account and we're willing to settle for 50% of your balance due! This offer will expire 45 days from the date of this letter." *Id.* Nagan alleges that describing the amount owed as a "Balance Due" combined with the itemization of specific amounts of accrued interest and fees led consumers to believe that the amount of debt was continuing to accrue interest, late charges, and other charges, even though the debt was static and had been charged-off by the creditor 18 months prior to the date of the letter. Nagan claims that, as a result, the letter is materially false, deceptive, and misleading.

Nagan also claims that the phrase "[t]his offer will expire 45 days from the date of this letter" is false, deceptive, and misleading because Optio was authorized to make and accept the settlement offer as long Optio was collecting the debt. Nagan alleges that the letter created a false sense of urgency in the unsophisticated consumer to accept the settlement offer as quickly as possible. Nagan seeks statutory damages on behalf of herself and the proposed class for these purported violations.

## ANALYSIS

### A. Rule 23 Class Certification Standard

A plaintiff requesting class certification must satisfy the four prerequisites of Rule 23(a) as well as one of the provisions listed in Rule 23(b). *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513

(7th Cir. 2006). Rule 23(a) requires that a plaintiff establish that "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). It is the plaintiff's burden to prove that class certification is warranted. *Oshana*, 472 F.3d at 513. Rule 23 is not a "mere pleading standard," *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011), and a plaintiff must prove each disputed requirement by a preponderance of the evidence. *Messner v. Northshore Univ. Health Sys.*, 669 F.3d 802, 811 (7th Cir. 2012) (citing *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.*, 546 F.3d 196, 202 (2d Cir. 2008)).

## B. Rule 23(a) Analysis

Optio does not dispute that the numerosity, commonality, and typicality requirements of Rule 23(a) have been satisfied. As to numerosity, the proposed class, which will consist of 2,697 persons, is sufficiently large to meet Rule 23(a)(1)'s numerosity requirement. *See Pruitt v. City of Chicago*, 472 F.3d 925, 926–27 (7th Cir. 2006) (finding that classes consisting of as few as forty members could satisfy the numerosity requirement). Rule 23(a)(2)'s commonality requirement is satisfied when a common issue of law or fact is "capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes*, 564 U.S. at 350. In other words, the plaintiff must show that the class members "suffered the same injury." *Jamie S. v. Milwaukee Pub. Sch.*, 668 F.3d 481, 497 (7th Cir. 2012) (citation omitted). Nagan's complaint alleges that the form letters Optio mailed to the putative class members violate the FDCPA because they were materially false, deceptive, and

3

misleading. These allegations are sufficient to establish commonality. Regarding Rule 23(a)(3), the typicality requirement "primarily directs the district court to focus on whether the named representatives' claims have the same essential characteristics as the claims of the class at large." *De La Fuente v. Stokely–Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983). "A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *Id.* (citation omitted). Nagan's allegations that Optio mailed the same allegedly offending letter to the purported class members gives rise to each member's claim that Optio violated the FDCPA. Accordingly, Nagan meets the typicality requirement.

Optio only disputes that Nagan is an inadequate class representative. Rule 23(a)(4) requires that the class representative "fairly and adequately protect the interests of the class." This prerequisite is directed at "concerns about the competency of class counsel and conflicts of interest" between the class and its representatives. *Dukes*, 564 U.S. at 349 n.5 (citation omitted). In assessing the adequacy of the class representative, the court must consider whether the named plaintiff "(1) has antagonistic or conflicting claims with other members of the class; (2) has sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) has counsel that is competent, qualified, experienced and able to vigorously conduct the litigation." *Wahl v. Midland Credit Mgmt., Inc.*, 243 F.R.D. 291, 298 (N.D. Ill. 2007). The burden of establishing this standard is "not difficult." *Murray v. New Cingular Wireless Serv., Inc.*, 232 F.R.D. 295, 300 (N.D. Ill. 2005). While Optio does not dispute the adequacy of class counsel, it contends that Nagan has failed to establish that she is an adequate class representative.

Optio argues that Nagan is an inadequate class representative because she lacked knowledge regarding the facts associated with the lawsuit and is merely lending her name to class counsel. The court does not expect Nagan to have a sophisticated legal understanding of the nature of her case, however. *See Quiroz v. Revenue Prod. Mgmt., Inc.*, 22 F.R.D. 438, 443 (N.D. Ill. 2008) ("To be adequate, a class representative 'need not understand the larger legal theories upon which her case is based.'" (quoting *Hernandez v. Midland Credit Mgmt., Inc.*, 236 F.R.D. 406, 414 (N.D. Ill. 2006)). Instead, the plaintiff must have some general knowledge and understanding of the issues and be willing to participate in the lawsuit. The court finds that Nagan has demonstrated a basic understanding of the claims contained in the lawsuit and a willingness to participate. Nagan is therefore an adequate class representative.

## C. Rule 23(b) Analysis

Having satisfied the four requirements of Rule 23(a) by a preponderance of the evidence, Nagan must satisfy at least one of Rule 23(b)'s provisions. Here, Nagan relies on Rule 23(b)(3), which requires that the court find "that the questions of law or fact common to class members predominate over any question affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." In deciding this issue, the court should consider "(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action." Fed. R. Civ. P. 23(b)(3).

"[A] common question predominates over individual claims if 'a failure of proof on the common question would end the case' and the whole class 'will prevail or fail in unison.'" *Bell v. PNC Bank, Nat'l Ass'n*, 800 F.3d 360, 378 (7th Cir. 2015) (quoting *Amgen*, 133 S. Ct. at 1191). Optio does not dispute that a common question predominates over the individual claims. The significant issue in this case—whether Optio violated the FDCPA by sending standardized form letters that were materially false, deceptive, and misleading—predominates over any individual questions of the purported class members. In short, Nagan has met her burden of establishing predominance.

Optio asserts that a class action is not the superior method of litigating the issues here because any amount recovered by the individual class members would be *de minimis*. Noting that the FDCPA caps class recovery at the lesser of $500,000 or 1 percent of the debt collector's net worth, Optio claims that the maximum each of the estimated 2,697 class members would recover is $11.71. Citing *Boucher v. Financial System of Green Bay, Inc.*, No. 17-C-132, 2019 WL 1543988 (E.D. Wis. Apr. 8, 2019), Optio maintains that a *de minimis* recovery is a proper basis to deny a motion for class certification. In *Boucher*, the plaintiffs alleged that they received a debt collection letter that violated the FDCPA because it was false, deceptive, and misleading. The court originally found that the letter met the "safe-harbor" rule and dismissed the action. The Seventh Circuit reversed, finding that the statement at issue was materially false and misleading because the defendant admitted that late charges and other charges could not be legally or contractually added to the plaintiffs' debts. *See Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362 (7th Cir. 2018). On remand, the plaintiffs filed an amended complaint and a motion for class certification. Given that liability had already been established as a matter of law and in light of the defendant's net

worth, the court concluded that a class action would not be the superior method under which to resolve the individual class members' disputes. It explained that, because each class member would only recover $1.00 and would recover more by opting out of the class, there was virtually no incentive for anyone to remain a class member. That, along with the expense of mailing class notices, the cost of administration, and the additional attorneys' fees that would be incurred, the court found that the plaintiffs had not satisfied the superiority requirement. *Boucher*, 2019 WL 1543988, at *6. *Boucher* is distinguishable from the instant case, however, because liability has not yet been established.

The Seventh Circuit has indicated in dicta that "a de minimis recovery (in monetary terms) should not automatically bar a class action." *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 334 (7th Cir. 1997). Other courts in this circuit have found class actions to be the superior method for adjudicating FDCPA claims, even if the recovery is *de minimis*, because the FDCPA "contemplates class actions even though an individual recovery may be larger." *Nichols v. Northland Grps., Inc.*, No. 05 C 2701, 2006 WL 897867, at *11 (N.D. Ill. Mar. 31, 2006); *Spice v. Blatt, Hasenmiller, Liebsker & Moore LLC*, No. 1:16-CV-366, 2018 WL 525723, at *9 (N.D. Ind. Jan. 24, 2018) ("The plain language of the FDCPA supports class certification even where individual class member recovery is likely de minimis."); *Spiegel v. Ashwood Fin., Inc.*, No. 16 C 1998, 2017 WL 443168, at *3 (S.D. Ind. Feb. 2, 2017) ("Even where recovery is *de minimis*, there is value in certifying a class to address potentially unlawful behavior that would not otherwise be addressed because the barriers to bringing suit are too high."); *Pierre v. Midland Credit Mgmt., Inc.*, No. 16 C 2895, 2017 WL 1427070, at *10 (N.D. Ill. Apr. 21, 2017) (finding that class action is superior for adjudicating case even if class recovery necessarily will be *de minimis*). The court concludes that a class action

7

would be superior to the large number of individual lawsuits regarding the same legal issue and facts that would otherwise result.  Accordingly, Nagan has satisfied the superiority requirement of Rule 23(b)(3).

## CONCLUSION

Nagan has fulfilled the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure.  For the foregoing reasons, Nagan's motion for class certification (Dkt. No. 15) is **GRANTED**.  The following class is hereby certified: "All persons with a Wisconsin address to whom Optio Solutions, LLC mailed an initial written communication, in the form of Exhibit A to the Complaint, between February 1, 2018 and February 22, 2019, which was not returned as undeliverable."

It is further ordered that counsel of record for the plaintiff is appointed as class counsel. Within 30 days of the date of this order, class counsel shall provide the court with a proposed notice to be provided to potential class members consistent with Federal Rule of Civil Procedure 23(c)(2)(B).  Class counsel shall consult with counsel for the defendant before submitting the proposed notice.

**SO ORDERED** this   4th   day of October, 2019.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court