UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STACY NAGAN,

        Plaintiff,

v.                                                  Case No. 19-C-170

OPTIO SOLUTIONS LLC,

        Defendant.

**DECISION AND ORDER GRANTING DEFENDANT'S
MOTION FOR A PROTECTIVE ORDER**

This matter comes before the court on Defendant's motion for a protective order prohibiting Plaintiff from taking the depositions of Shane Miller, Michael Schumacher, and a corporate representative in this lawsuit. Defendant claims that any testimony sought by Plaintiff through these depositions is irrelevant and immaterial to the issues in the lawsuit. Plaintiff claims that she should not be barred from examining witnesses regarding Defendant's collection letter campaigns as they relate to its collection of Plaintiff's debt. For the following reasons, Defendant's motion will be granted.

Rule 26(c) authorizes a court "for good cause shown" to issue a protective order barring discovery "when justice so requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Protective orders suppressing depositions are "rarely granted," and the movant bears the burden "to establish adequate grounds ('good cause') for an order protecting against discovery." *Kaiser v. Mutual Life Ins. Co. of New York*, 161 F.R.D. 378, 380 (S.D. Ind. 1994) (citation omitted). At the same time, the court is

mindful of the fact that the fee-shifting provision of the FDCPA "is not an invitation to run up unnecessary and exorbitant fees" when discoverable information could be obtained in a less burdensome manner. *Harper v. Collection Bureau of Walla Walla, Inc.*, No. C06-1605-JCC, 2008 WL 11506770 (W.D. Wash. 2008); *see also Lee v. Thomas & Thomas*, 109 F.3d 302, 306–07 (6th Cir. 1997) ("Counsel should not wish to reap financial rewards for prolonging litigation unnecessarily.").

Plaintiff's notice of deposition sought to take the testimony of Defendant's corporate representative concerning 29 topics. *See* Dkt. No. 23-4. In her brief in opposition to the motion for a protective order, Plaintiff claims she needs to depose Defendant's corporate representation for five reasons: (1) to determine whether the settlement offer contained in the letter would expire after the 45-day deadline; (2) to confirm the fact that the balance of the debt listed in the letter was static and would not increase; (3) to obtain certain information related to damages; (4) to obtain information regarding Defendant's affirmative defenses; and (5) to understand why Plaintiff cannot certify a class pursuant to Rule 23.

Plaintiff claims that she needs to depose Defendant's corporate representative as to whether the settlement offer would expire after the 45-day deadline. Rather than obtain this information through a deposition, however, Plaintiff could serve an interrogatory or request for admission. Plaintiff also claims that she needs to depose Defendant's corporate representative to confirm the fact that the balance of the debt was static and would not increase. Defendant does not dispute that the balance of the debt was static and contends that Plaintiff can simply serve a Request for Admission requesting that Defendant admit that the balance was static and would not increase.

2

Plaintiff asserts that she needs a deposition of Defendant's corporate representative to obtain certain information related to damages, including the frequency and persistence of noncompliance by the debt collector, the nature of noncompliance, the resources of the debt collector, and the number of persons adversely effected. *See* 15 U.S.C. § 1692k(b). Defendant contends that Plaintiff already possesses the information related to damages and taking deposition testimony regarding these topics would be cumulative. Defendant's supplemental interrogatory responses indicate that it sent the letter to 2,697 consumers and that Defendant used the letter from February 5, 2018 through February 22, 2018. Defendant has also produced its 2018 financial statements to demonstrate its net worth and the class members' potential recovery.

Plaintiff also claims she needs to depose Defendant's corporate representative to obtain information regarding Defendant's affirmative defenses. In particular, Plaintiff claims she needs information related to the following affirmative defenses: (1) Plaintiff's failure to mitigate damages; (2) Plaintiff caused her own damages; (3) Plaintiff's damages were caused by third parties; (4) Plaintiff's claims are barred by release, waiver, unclean hands, laches, estoppel and/or res judicata; (5) Defendant's actions were not intentional or willful; and (6) Plaintiff lacks standing to pursue her allegations. Defendant claims it has withdrawn the first five affirmative defenses. Accordingly, any deposition regarding those defenses would be irrelevant. As to Defendant's affirmative defense that Plaintiff lacks standing, Defendant indicated in its Second Supplemental Response that *Casillas v. Madison Avenue Associates, Inc.*, 926 F.3d 329 (7th Cir. 2019), forms the basis for its position.

Finally, Plaintiff alleges she needs to depose Defendant's corporate representative to understand why Plaintiff cannot certify a class pursuant to Rule 23. The court has granted

3

Plaintiff's motion for class certification. As a result, any information regarding why Plaintiff would be unable to certify a class is irrelevant and the issue is moot.

Plaintiff has made no showing that the information she intends to gain can only be obtained from the depositions of these individuals and cannot be gained from existing documentary evidence already in her possession or through other avenues of discovery, such as requests to admit. In short, the unreasonably cumulative nature of the depositions and the burden or expense of the depositions outweigh any likely benefit. Accordingly, Defendant's motion for a protective order (Dkt. No. 23) is **GRANTED**. Plaintiff is barred from taking the depositions of Shane Miller, Michael Schumacher, and a corporate representative in this lawsuit.

**SO ORDERED** this  4th  day of October, 2019.

> s/ William C. Griesbach
> William C. Griesbach, Chief Judge
> United States District Court