UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STACY NAGAN, individually and on
behalf of all others similarly situated,

        Plaintiff,

        v.                                         Case No. 19-C-170

OPTIO SOLUTIONS, LLC,
d/b/a Qualia Collection Services,

        Defendant.

## DECISION AND ORDER GRANTING DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT

Plaintiff Stacy Nagan filed this action alleging Defendant Optio Solutions LLC violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, by sending Plaintiff a debt collection letter related to her Kohl's Department Store private label credit card debt that was deceptive and misleading to an unsophisticated consumer. Plaintiff filed a motion for summary judgment as to Defendant's affirmative defenses on September 16, 2019. Defendant filed its own motion for summary judgment on October 14, 2019. The court granted multiple extensions of time for Plaintiff to file a response to Defendant's motion for summary judgment, and her response brief was ultimately due March 2, 2020.

On May 11, 2020, the court held a telephone status conference with the parties. The parties discussed the pending motions for summary judgment and their outstanding disputes regarding discovery and the issuance of the class notice. The court indicated that, because one of the affirmative defenses asserted by Defendant was lack of standing, it would promptly address Plaintiff's motion for summary judgment. The court also advised that the remainder of the case

would be determined by further order of the court once the outstanding discovery and class notice issues were resolved. On May 13, 2020, the court granted Plaintiff's motion for summary judgment on Defendant's affirmative defense that Plaintiff lacks Article III standing and denied as moot Plaintiff's motion as to Defendant's remaining affirmative defenses, as those defenses had been withdrawn by Defendant.

On June 5, 2020, Plaintiff filed a joint status report requesting that the court set a schedule for serving the class notice and convene a telephone conference to discuss scheduling the remaining case deadlines. The court held a telephone conference with the parties on June 11, 2020. Plaintiff stated that she needed a deposition of a Kohl's representative. The court ordered that the deposition be completed within 30 days and that Plaintiff must file a response to Defendant's summary judgment within 30 days of the deposition. Therefore, Plaintiff's response to Defendant's motion for summary judgment was due, at the latest, on or before August 10, 2020.

To date, Plaintiff has not responded to Defendant's motion for summary judgment and has not requested an extension of time to do so. The local rules of this district provide that the failure to file a brief in opposition to a motion is sufficient grounds to grant the motion. *See* Civil L.R. 7(d) (E.D. Wis.). For this reason, and also because it is clear on the record before the court that Defendant is entitled to judgment as a matter of law, Defendant's motion for summary judgment will be granted and the case will be dismissed.

## BACKGROUND

Because Plaintiff did not respond to the motion for summary judgment, Defendant's proposed findings of fact (Dkt. No. 62) are deemed admitted for the purposes of summary judgment. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); Civil L.R. 56(b)(4) ("The

Court will deem uncontroverted statements of material fact admitted solely for the purpose of deciding summary judgment."). On February 5, 2018, Defendant mailed Plaintiff a letter in an attempt to collect a debt. The letter itemized the debt owed in an account summary section as follows:

> Principal: $357.77
> Fees: $235.00
> Interest: $70.51
> Balance Due: $663.28

Dkt. No. 1-1 at 2. This itemization was computed solely by the original creditor, Kohl's Department Stores Inc., who placed Plaintiff's debt with Defendant. The letter also included an offer of settlement, which was $331.64. The letter advised:

> Your account has been assigned to our agency for collection. The creditor to whom the debt is owed is Capital One, N.A. We want to settle this account and we're willing to settle for 50% of your balance due! To take advantage of this substantial savings, please send your payment using the remittance below. In addition, payments may be made 24 hours a day, 7 days a week at www.payQCS.com, or by calling (844) 598-5454. To discuss your bill with a representative, call (844) 598-5454. This offer will expire 45 days from the date of this letter.

*Id.*

On February 1, 2019, Plaintiff filed this lawsuit alleging that Defendant's letter violated the FDCPA and the Rosenthal Fair Debt Collection Practices Act, California's counterpart to the FDCPA. As to the FDCPA, Plaintiff alleges that the statement in the letter articulating that "[t]his offer will expire 45 days from the date of this letter" violated 15 U.S.C. § 1692e; the itemization of the debt and use of the phrase "balance due" violates 15 U.S.C. § 1692e; and the letter failed the provide the information required by 15 U.S.C. § 1692g. Because Plaintiff has never been a resident of California, that state's act does not apply.

3

**LEGAL STANDARD**

Summary judgment is appropriate when the movant shows that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the court must view the evidence and make all reasonable inferences that favor them in the light most favorable to the nonmoving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

**ANALYSIS**

The FDCPA is intended to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). To help accomplish that goal, § 1692e prevents the use of false, deceptive, or misleading representations or means in connection with the collection of a debt, and "§ 1692(e) provides that in either the initial communication with a consumer in connection with the collection of a debt or another written notice sent within five days of the first

debt, a debt collector must provide specific information to the consumer." *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 320–21 (7th Cir. 2016).

In this circuit, "[c]laims brought under the Fair Debt Collection Practices Act are evaluated under the objective 'unsophisticated consumer' standard," *Gruber v. Creditors' Protection Serv., Inc.*, 742 F.3d 271, 273 (7th Cir. 2014) (citations omitted), as opposed to the "least sophisticated consumer" standard applied in some other circuits. This is because the Seventh Circuit does not "believe that the unsophisticated debtor standard should be tied to the very last rung on the sophistication ladder." *Pettit v. Retrieval Masters Creditor Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000) (internal quotation marks and citation omitted). Though the unsophisticated consumer may be "uniformed, naïve, [and] trusting," *Veach v. Sheeks*, 316 F.3d 690, 693 (7th Cir. 2003), "she has rudimentary knowledge about the financial world and is capable of making basic logical deductions and inferences." *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 645 (7th Cir. 2009) (internal quotation marks and citations omitted); *see also Pettit*, 211 F.3d at 1060 (noting that the unsophisticated consumer has at least a "rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses 'reasonable intelligence,' and is capable of making basic logical deductions and inferences"). The Seventh Circuit accordingly "disregard[s] unrealistic, peculiar, bizarre, and idiosyncratic interpretations of collection letters." *Id*. The unsophisticated consumer "is not a dimwit" and is "reasonable," but she is not a gifted linguist who closely parses a debt collection letter like a patent lawyer construes a patent. *Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012); *Turner v. J.V.D.B. & Assocs., Inc.*, 330 F.3d 991, 997 (7th Cir. 2003); *cf. Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996). With this understanding, the court will address Plaintiff's claims in turn.

### A. The Settlement Offer

Plaintiff alleges that the statement in the letter articulating that "[t]his offer will expire 45 days from the date of this letter" was false and misleading. The Seventh Circuit has recognized that statements alleged to be false or misleading under § 1692e fall into three categories. *See Ruth v. Triumph P'ships*, 577 F.3d 790, 800–01 (7th Cir. 2009); *Janetos*, 825 F.3d at 322–23. The first category consists of statements that are "plainly, on their face, . . . not misleading or deceptive." *Ruth*, 577 F.3d at 800. In these cases, the court does not look to extrinsic evidence to determine whether consumers were confused by the letter and instead grants dismissal or summary judgment in favor of the defendant based on its own determination that the letter complied with the law. *Id.* The second category consists of statements that "are not plainly misleading or deceptive but might possibly mislead or deceive the unsophisticated consumer." *Id.* In these cases, the plaintiff "may prevail only by producing extrinsic evidence, such as consumer surveys, to prove that unsophisticated consumers do in fact find the challenged statement misleading or deceptive." *Id.* The third category includes cases in which the challenged language is "so clearly confusing" and no extrinsic evidence is required for the plaintiff to prevail. *Id.* at 801.

Plaintiff claims the letter violates § 1692e because Defendant had the authority to extend the settlement offer beyond the 45-day deadline in the letter; Defendant had authority to increase the amount of the discount offered to Plaintiff after the 45-day deadline; the letter influences the unsophisticated consumer's decision to pay the debt; the letter creates a false sense of urgency in the unsophisticated consumer to accept the settlement offer as quickly as possible; and the letter discourages the unsophisticated consumer from disputing the debt because the time required to submit a dispute and receive a response might exceed the 45-day deadline to accept the offer. Compl. ¶¶ 33–37, Dkt. No. 1.

In *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769 (7th Cir. 2007), the Seventh Circuit addressed whether a letter that included a settlement offer with an expiration date was misleading to the unsophisticated consumer. While the court recognized that "[t]here is nothing improper about making a settlement offer," it expressed its concern that the settlement language contained in a letter may be misleading because "unsophisticated consumers may think that if they don't pay by the deadline, they will have no further chance to settle their debt for less than the full amount." *Id.* at 775. On the other hand, the court recognized that "the settlement process would disintegrate if the debt collector had to disclose the consequences of the consumer's rejecting his initial offer." *Id.* In an attempt to balance these concerns, the court fashioned the following safe harbor language for debt collectors to use when making settlement offers: "We are not obligated to renew this offer." *Id.* at 776. The court explained that this statement would inform the unsophisticated consumer that there was a "renewal possibility but that it [was] not assured." *Id.*

The court went on to disclaim any suggestion that "in the absence of safe-harbor language a debt collector is per se liable for violating section 1692 if he makes the kind of settlement offer that we quoted." It explained, "We see a potential for deception of the unsophisticated in those offers but we have no way of determining whether a sufficiently large segment of the unsophisticated are likely to be deceived to enable us to conclude that the statute has been violated. For that, evidence is required, the most useful sort being the kind of consumer survey described in *Johnson v. Revenue Management Corp.*, 169 F.3d 1057, 1060–61 (7th Cir. 1999)." *Id.*

In this case, Defendant's letter did not contain the *Evory* safe-harbor language, but it did not represent that no future settlement offers would be available or that it was Plaintiff's only opportunity to settle the debt. Instead, the letter represented an amount that Defendant was willing to settle Plaintiff's account for at that time and included an invitation to Plaintiff to discuss the

7

debt. Even if the letter might possibly be misleading or deceptive, Plaintiff was required to use extrinsic evidence to prove that the letter was actually confusing to the unsophisticated consumer. *See id.* Plaintiff presented no extrinsic evidence to support her allegations. Because Plaintiff has not provided evidence of an essential element of her claim, Defendant is entitled to summary judgment.

### B. The Itemization of the Debt and the Use of the Phrase "Balance Due"

Plaintiff asserts that the letter is deceptive and misleading to the unsophisticated consumer and fails to clearly state the amount owed in violation of §§ 1692e and 1692g. More specifically, Plaintiff claims that, by referring to the amount of the debt as the "Balance Due" and by itemizing the balance due, the letter gives the impression that the debt was increasing and that interest and other charges could accrue on the charged-off debt. Although the letter does not explicitly indicate whether interest or other charges could increase in the future, that does not make the letter misleading or deceptive. Other courts that have addressed this issue have concluded that itemizing the amount due in a letter did not violate § 1692e. The court in *Delgado v. Client Services, Inc.*, No. 17-c-4364, 2018 WL 1193741 (N.D. Ill. Mar. 7, 2018), explained:

> To find otherwise places debt collectors between a rock and a hard place, where they cannot simply list the amount owed, for fear of being misleading. Debt collectors would be damned if they do and damned if they don't. This is clearly not what Congress intended the FDCPA to do—essentially turn debt collectors into a modern-day version of Goldie Locks, who cast about searching for the letter that is just right, not listing too little information or too much. Indeed, Client Services has done precisely what the Seventh Circuit recommends by clearly itemizing the various components of the debt. *See Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562, 566 (7th Cir. 2004) (simply stating the total debt without indicating that it included attorneys' fees and collection costs gives a false impression of the character of the debt, and noting "[o]ne simple way to comply with § 1692e and § 1692f in this regard would be to itemize the various charges that comprise the total amount of the debt.").

*Id.* at \*3.  I adopt this reasoning, here.  The itemization of the debt contained in the letter was articulated in the same way it was received from the creditor.  The letter is not false, deceptive, or misleading, as the only reasonable interpretation of the letter is that it states the itemized amount of the debt that was owed.

Although Plaintiff argues that the phrase "balance due" falsely implies that the debt is or could be increasing, stating the balance due without implying that it is different than the stated amount does not constitute a violation of § 1692e.  *See Barnes v. Advanced Call Ctr. Technologies, LLC*, 493 F.3d 838, 841 (7th Cir. 2007) ("Absent some particularly ambiguous language in the rest of the letter, we cannot see how an unsophisticated consumer would interpret the tear off to indicate that anything other than the 'Current Amount Due' was 'the amount of the debt.'"); *Koehn v. Delta Outsource Grp., Inc.*, 939 F.3d 863, 865 (7th Cir. 2019) ("Delta's letter challenged here contains no directive to call for a 'current balance,' nor does it include any language implying that 'current balance' means anything other than the balance owed. . . . It takes an ingenious misreading of this letter to find it misleading.  And that same ingenuity would call into question the even simpler phrase that 'the balance is $____.'").  The letter in this case did not suggest that the amount owed was different than the amount stated.  Instead, the letter "state[s] the required information 'clearly enough that the recipient is likely to understand it." *Janetos*, 825 F.3d at 321 (quoting *Chuway*, 362 F.3d at 948).  In sum, the letter does not violate §§ 1692e or 1692g.  Again, even if the statements in the letter might possibly mislead or deceive the unsophisticated consumer, Plaintiff has failed to demonstrate through extrinsic evidence that the letter was actually misleading to unsophisticated consumers.  Accordingly, Defendant's motion for summary judgment will be granted on these claims.

### C. The Rosenthal Act

Plaintiff also asserts a claim under the Rosenthal Act, California's counterpart to the FDCPA that protects residents of California. Because Plaintiff was never a resident of California, the Act does not apply, here. Accordingly, Defendant's motion for summary judgment will be granted with respect to this claim.

### CONCLUSION

For these reasons, Defendant's motion for summary judgment (Dkt. No. 61) is **GRANTED** and the case is dismissed. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin this 27th day of August, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge